UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 89-00190-MLW |
| | ) |
| Vincent M. Portalla, | ) |
|     Defendant. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                    September 19, 2025

In this case, defendant Vincent M. Portalla, a/k/a Vincent Marvino, pled guilty in 1989 of being a felon illegally in possession of a firearm in violation of 18 U.S.C. §922(g)(1). The case was closed in 1990. However, this court subsequently found that Portalla had violated two conditions of his Supervised Release and revoked it. The First Circuit affirmed that decision in 1993. See United States v. Vincent Portalla, a/k/a Vincent Mavino, 985 F.2d 621 (1st Cir. 1993).

In 1997, Portalla and other alleged members of the Patriarca Family of La Cosa Nostra were charged with being members of a RICO enterprise. See United States v. Carroza, et. al., Cr. No. 40009-NG, Dkt. No. 1. In that case, Portalla and others were alleged, among other things, to have attempted to murder the Boss of the Patriarca Family Francis Salemme. In Carroza, Portalla was ultimately sentenced by Judge Nathaniel Gorton to serve 35 years in prison.

1

In 1999, in United States v. Salemme, 91 F.Supp. 2d. 181 (D. Mass. 1999), this court issued a lengthy decision finding extensive and serious misconduct by agents of the Federal Bureau of Investigation ("FBI"), much of it relating to their conduct concerning FBI Top Echelon informants, James "Whitey" Bulger and Stephen "The Rifleman" Flemmi.

In 2004, Portalla began filing motions, pro se, discussing the alleged implications of the Salemme decision for this case. Because Portalla is representing himself the court is construing his claims and submissions liberally. See Erickson v. Pardue, 551 U.S. 89, 94 (2007). In essence, Portalla is petitioning for a writ of error coram nobis. See e.g. Dkt. Nos, 122, 127.

A court considering a coram nobis petition presumes that the original proceedings are valid. See United States v. Morgan, 346 U.S. 502, 512 (1954). The burden to prove otherwise is on the petitioner and is a heavy one. Id. In the First Circuit, for a coram nobis petitioner to succeed, he must "explain [] his failure to seek relief from judgement earlier, show that he continues to suffer significant collateral consequences from the judgement, and demonstrate that the judgement resulted from an error of the most fundamental character." Woodward v. United States, 905 F.3d 40, 43 (1st Cir. 2018) (quoting United States v. George, 676 F.3d 249, 254 (1st Cir. 2012)); see also Hager v. United States, 993 F.2d 4,

5 (1st Cir. 1993); United States v. Morgan, 346 U.S. 502, 512 (1954).

With respect to the third criterion, the Supreme Court has elaborated that "fundamental errors" are those that "rendered the proceeding itself irregular and invalid." Morgan, 346 U.S. at 509. The First Circuit has indicated that what constitutes a "fundamental error" is not clearly defined, but the standard is a stringent one. See George, 676 F.3d at 258. Indeed, the remedy of coram nobis "lies at the far end of [the] continuum" of remedies, encompassing "stiffer" requirements than do successive 28 U.S.C. §2255 motions. Id. The First Circuit has written that:

> [T]he tripartite test should not be administered mechanically but, rather, in a flexible, common-sense manner. Even if the test is satisfied, the court retains discretion over the ultimate decision to grant or deny the writ. In other words, passing the tripartite test is a necessary, but not a sufficient, condition for the issuance of the writ.

Id. at 255. "When all is said and done, issuing or denying a writ of error coram nobis must hinge on what is most compatible with the interests of justice." Id. at 258; see also Morgan, 346 U.S. at 511.

The facts Portalla alleges in his petitions largely relate to misconduct by FBI agents involved in the Salemme case. See e.g. Dkt. Nos. 122, 127. He particularly focuses on whether he was fairly convicted for his role in the attempt to murder Salemme See

3

e.g. Dkt. No. 127. However, the alleged facts concerning the Salemme shooting are not material concerning the illegal possession of a firearm charge to which Portalla pled guilty in this case. Therefore, even assuming without finding that Portalla has explained his failure to seek relief from judgement in this case earlier and continues to suffer collateral consequences, he has not shown that his plea of guilty in this case resulted from an error of the most fundamental character.

Moreover, the interests of justice would not be served by issuing the requested writ in this case. Therefore, Portalla's petitions for a writ of coram nobis is being denied. See Woodward, 905 f.3d. at 43; Hager, 993 F.3d at 254; Morgan, 346 U.S. at 512. Accordingly, his other motions are being denied as moot.

In view of the foregoing, it is hereby ORDERED that:

1. Portalla's motions for a writ of coram nobis, (Dkt. Nos. 122, 127) are DENIED.

2. Portalla's other motions (Dkt. Nos. 107, 111, 113, 114, 116, 120, 123, 124, 125, 126) are DENIED AS MOOT.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE